## Case No. 16,882.

### VAN WINKLE v. The HENRY MORRISON.

[23 How. Prac. 371.] [1]

District Court, S. D. New York. 1862.

MARITIME LIENS—STATE STATUTES—HARBOR TUG —DEPARTURE FROM STATE.

1. Where a vessel is contemplated to be used about the harbor of New York as a tugboat, the lien of a material man for supplies cannot be defeated, under the statute of New York,—2 Rev. St. (5th Ed.) p. ——.—by the owners departing with her while lying at the dock. out of the state, secretly or without the knowledge of the material man, and not in the way of her business. The material man had the right to suppose the vessel would not so depart.

2. Where the owner of the rem. who has purchased the supplies himself, sets up the departure to avoid the lien, the court rigidly scrutinizes the circumstances of the alleged departure, and is not inclined to uphold such an inequitable defence.

[This was a libel by Albert Van Winkle against the steamboat Henry Morrison (Jackson, claimant) to enforce a claim for supplies.]

D. McMahon, for libellant.

W. J. Haskett, for claimant.

INGERSOLL, District Judge. The libel in this case is libel to recover for supplies furnished and work done to the steamboat while she was building. She, at the time, was a domestic vessel. and the recovery, if there is one. must therefore be by virtue of the state statute. The state law gives a lien for supplies and work of this kind, but provides that it shall not continue a lien after the vessel has left the state; and it is claimed that the libellant has no lien here. because the vessel left the state and went to Newark. N. J. There is no third party in this case. It is the owner of the vessel, who was also the owner when the supplies were furnished, that sets up this defence. He admits that the supplies were furnished, but attempts to prevent the collection of the debt by setting up this claim. It appears to me that the statute was intended for the protection of third persons, and was required for that purpose. Here, however, no third person intervenes to claim the protection of the law. It is not, however, necessary to decide the case upon this point. It might be claimed that here was a running account, and that some of the articles were furnished after the boat went to Newark. But neither is it necessary to decide the case upon this point. I have looked at the case to see if the vessel did leave the state, within the meaning of the law. It is not every leaving of the state which will be effectual to destroy a lien,—as if she only left it on a trial trip, or if. while lying at the dock, she be secretly taken out of the state, the lien will still subsist. Under what circumstances, then, did this vessel leave? She was nearly completed, and her owner was expecting to employ her in the harbor of New York, and, taking her for this purpose. he secretly, and without the knowledge of the libellant, ran her over to Newark, and now sets up that leaving the state as a defence. It certainly is a most inequitable one. and, if the rules of law were such that it could be sufficient, every one would admit that they ought to be altered. There is no third party in the case; it is the owner himself who induced the libellant to do the work for him, has got the supplies and got the vessel, and in one single instance, unknown to the libellant. has taken her to Newark. He took her for the purpose of running in this harbor,— the libellant not dreaming that he was going to do anything else,—ran her over to Newark, brought her back and got more work done on her, not amounting to $50, and now sets up as a defense, to the first part of the claim, that the vessel has left the state; and to the last part, that it is not of amount enough to bring it within the statute. I think that, under the circumstances, her going out of the state does not come within the reason of the statute. It was a private going out of the state, not in her ordinary business, and I do not think that the libellant is deprived of his lien by it any more than if her owner had taken her while lying at the dock uncompleted, and gone over to Newark with her. And I should hesitate long before I allowed such a defence to defeat such a claim. Decree for libellant, with a reference.